## CHESEPEAKE & OHIO RY CO v KUHN

Ohio Appeals, 4th Dist, Pike Co
Decided Dec 8, 1930

Bannon & Bannon, Portsmouth and Levi B. Moore, Waverly, for Ry. Co.

Earl D. Parker, Morgantown, for Kuhn.

BLOSSER, J.

This is the second time this case has been in this court for review. In the first proceeding in error this court reversed the judgment of the Court of Common Pleas on the ground that the verdict of the jury in favor of the plaintiff was against the manifest weight of the evidence. This court can not reverse the judgment of the Court of Common Pleas a second time on that ground.

It is urged by the railway company in this proceeding that the plaintiff was not acting under a peremptory order at the time of the injury. A peremptory order is difficult to define. Words and conduct that

might be considered a peremptory order under one set of circumstances might not be considered such under different conditions and circumstances. The evidence in the record above referred to discloses such facts and circumstances and conditions that it would constitute some evidence tending to prove that the plaintiff might have yielded his own judgment to that of the foreman, and the words and conduct of the foreman might have constituted a peremptory order.

The defendant company complains that the trial court did not charge the jury that no peremptory order was given. This was properly refused and the trial court properly submitted the question to the jury. This is the rule laid down in the case of **Maslek v. Penn. R. R. Co., 26 Oh Ap 520,** affirmed by the Supreme Court in **118 Oh St 644.**

It has been suggested that we should look to the Federal Courts for interpretation of questions arising under the Federal Employers' Liability Act. This is the general rule but where our Supreme Court has passed upon a question, as it has this one, it is our duty to follow the decision of our Supreme Court rather than the decision of a court of some other jurisdiction.

The defendant in a second defense of its answer to the petition alelged that at the time of the plaintiff's injury he was well acquainted with the conditions and circumstances of his employment and, in substance, assumed the risk of the dangers and hazards thereof, and that he continued in said work at his own risk. This defense of assumption of risk is denied by the plaintiff in his reply. Under this state of the pleadings it was incumbent on the defendant to prove this defense by a preponderance of the evidence. The question of the plaintiff's assumption of the risk is one for the jury and the burden of proof of assumption of risk is on the employer, that is, the defendant in this case. **New York, etc. v. Pugh, 11 Oh App 17.**

The jury may have found under the evidence that the plaintiff did not assume the risk as a matter of fact. Under such circumstances it was not necessary to avoid the assumption of risk by proving that the plaintiff at the time of his injury was acting under a peremptory order. It is only necessary to find there was a peremptory order after the jury had found that the risk was assumed. As to whether the risk was assumed in this case was a question of

fact for the jury to determine. **Masleck v. Railroad Co., supra.**

From the foregoing we are of the opinion that the judgment of the Court of Common Pleas should be affirmed.

Middleton, PJ and Mauck, J, concur.